[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION ON MOTION TO QUASH
CT Page 10104
Connecticut Handivan, Inc. (CT Handivan) has moved to quash a subpoena duces tecum served on it by Hunter's Ambulance Service, Inc. (Hunter's) during an ongoing hearing scheduled before the Office of Emergency Medical Services. CT Handivan has applied for authorization to operate additional vehicles. Hunter's, a competitor objecting to CT Handivan's request, applied for party status at the hearing but was granted intervenor status only. See Plaintiff's Exhibit 1, "Articulated Ruling on Intervenor Rights."
CT Handivan, in paragraph 4 of its August 13, 1997, motion to quash, argues that "As Hunter's was not granted party status for the proceedings on OEMS Application No. 97-001, its counsel should not be permitted to subpoena any documents to the hearing." In paragraph 5 of its motion to quash, CT Handivan further asserts that "As an existing competitor, Hunter's has no legally cognizable interest in the granting of an invalid coach license," citing the case of Med-Trans of Connecticut, Inc. v.Department of Public Health and Addiction Services,242 Conn. 152, 165 (July 29, 1997). Hunter's should not be permitted to interfere with or delay the ongoing proceedings by means of its subpoena, it asserts. CT Handivan also argues that the material sought is irrelevant and immaterial to the issues to be determined, as well as overly broad, burdensome and oppressive.
Hunter's responds that General Statutes Section 51-85
explicitly permits its counsel to subpoena documents in connection with an administrative proceeding, disputes CT Handivan's argument as to the scope of the Med-Trans case, and requests that the motion to quash be denied.
I have reviewed relevant portions of Defendant's Exhibit A, a transcript of proceedings before Hearing Officer Ann Moore relative to Application No. CV-97-001, during which the subpoena duces tecum, and related issues, were discussed. For the reasons stated below, the motion to quash is denied, with certain caveats.
In a previous matter, Transportation General, Inc., d/b/aMetro Taxi v. Department of Transportation, et al., No. CV-97-057122, judicial district of Hartford/New Britain at Hartford (July 2, 1997), in another factual context, I considered the CT Page 10105 legal issues raised in this case. In that case, in which the applicant sought enforcement of a subpoena in an administrative proceeding in which it had been granted intervenor status, I indicated in part as follows:
 The applicant relies on General Statutes Section 51-85
in support of its claim. This states in relevant part that: "Each attorney . . . may issue subpoenas to compel the attendance of witnesses and subpoenas duces tecum in administrative proceedings," and provides that if a person disobeys such subpoena, application may be made to the superior court for an order compelling obedience. Applicant argues that this section permits it, as an intervenor, to subpoena documents and records in an ongoing administrative proceeding. Applicant is able to cite no cases directly supporting its argument, but relies on the broad, general language of Section 51-85.
 I agree with [the] argument that there are limitations on an attorney's authority to issue subpoenas duces tecum — although none are specifically stated in the statute. Section 51-85 does not by its terms permit an intervenor to issue subpoenas duces tecum; neither, however, does it prohibit counsel for an intervenor from issuing subpoenas duces tecum . . . Section 4-166 defines "party" and "intervenor" quite differently. The relevant statutory provisions, and case law, make it clear that because the rights of a "party" are more directly implicated by a proceeding, a "party" is afforded greater procedural protection, and more rights, than an "intervenor." See, e.g., Section a-177a(d), which provides in part that:
 ". . . the presiding officer may limit the intervenor's participation to designated issues in which the intervenor has a particular interest as demonstrated by the petition and shall define the intervenor's rights to inspect and copy records, physical evidence, papers and documents, to introduce evidence, and to argue and cross-examine on those issues," and also states that "The presiding officer may further restrict the participation of an intervenor in the proceedings, including the rights to inspect and copy records, to introduce evidence and to cross-examine, so as to promote the orderly conduct of the proceedings." Also see the last sentence of 4-177b, which without reference to the rights of intervenors states: "Nothing in this section shall be construed to limit the authority of the agency or CT Page 10106 any party as otherwise allowed by law." A reading of these statutes leads to the conclusion that a hearing officer, in the reasonable exercise of his or her discretion, certainly may significantly limit the activities of those who have been granted intervenor status. . . . It is also worth observing that, as noted in Pet v. Department of Health Services, 207 Conn. 346, 357 (1988), "Pretrial discovery may be expressly authorized by statute, but, absent an express provision, the extent to which a party to an administrative proceeding is entitled to discovery is determined by the rules of the particular agency." In this case, neither party has brought to the court's attention any agency rule relevant to this dispute.
I cannot agree with plaintiff that Med-Trans directly addresses the issue posed in this case and forecloses defendant from issuing its subpoena in this case. As Justice McDonald stated in the opening sentence of his decision, the "sole issue" in Med-Trans was whether or not the trial court properly determined that the named plaintiff, which had been granted intervenor status in an administrative proceeding, lacked standing to appeal the granting of a license to provide ambulance services to a competitor. The Supreme Court held that the trial court had properly found standing to be lacking. CT Handivan urges that the Med-Trans case be read expansively to stand for the proposition, notwithstanding the plain language of Section51-85, that intervenors lack the right to subpoena documents at administrative hearings. I believe that CT Handivan's reading of the Med-Trans case is unduly broad.
Having considered CT Handivan's argument in this case in light of my previous decision in the Transportation General case and in light of the Med-Trans case, I remain convinced that the extent to which an intervenor may enforce a subpoena duces tecum in an ongoing administrative proceeding is not clear given the somewhat indistinct status which attaches to intervenors.
In this case, it is worth noting that the hearing officer's "Articulated Ruling on Intervenor Rights," while clearly circumscribing the rights of the intervenors in important respects (e.g., "The intervenors shall not have discovery rights nor the right to cross-examine witnesses,"), does not directly address the issue of the intervenor's right to subpoena documents or explicitly purport to limit that right. CT Page 10107
In any event, given the present state of the law and the clear, unambiguous language of Section 51-85, I doubt whether a hearing officer, having granted an intervenor the right to intervene, has the authority to completely abrogate the right that the legislature has given to each attorney pursuant to Section 51-85 to ". . . issue . . . subpoenas duces tecum in administrative proceedings." That statute is clear and unambiguous. In the absence of ambiguity, courts cannot read into statutes, by construction, provisions which are not clearly stated. Hayes v. Smith, 194 Conn. 52, 57-58 (1984). Moreover, Hunter's argues, and I agree, that having been granted certain limited rights as an intervenor, the effective utilization of those rights depends to some extent on the ability to subpoena documents pursuant to Section 51-85.[1]
In summary, I conclude that given the present state of the law, and the facts of this case, the motion to quash should be denied given the clear language of Section 51-85.
However, the motion is denied with the following provisos.
First, in denying the motion to quash, I am not ruling upon CT Handivan's claims that the subpoena seeks information which is overly broad, unreasonable, oppressive, unduly burdensome, or intended to harass and annoy it. These arguments are referred to the hearing officer. Given her proximity to the factual and legal issues implicated, she is clearly in the best position to address and rule upon these claims.
Second, in denying the motion to quash, I am not ruling that the hearing officer must, or should, admit into evidence in whole, or in part, what is sought. I am simply ruling that Hunter's has the right to issue the subpoena pursuant to Section51-85. Any decision as to admissibility remains with her.
Finally, in the event that production of any of the records sought would result in disclosure of proprietary or confidential information, the parties are ordered to discuss this matter in an attempt to reach an agreement as to appropriate redactions.
All disputes relating to the subpoena duces tecum are referred to the hearing officer for her initial determination, consistent with this ruling.
It is conceded that this procedure is slightly cumbersome CT Page 10108 and may occasion some delay in the ongoing proceeding. In the long run, however, I conclude that judicial economy will be served by having the subpoenaed records become part of the hearing record, even if not admitted. Moreover, in light of the existing case law and the facts of this case, I conclude that the clear, unambiguous language of 51-85 requires that the motion be denied.
Douglas S. Lavine Judge, Superior Court